UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STEADFAST INSURANCE COMPANY                        CIVIL ACTION

VERSUS                                             NO: 10-3286

PICKE CONSTRUCTION                                 SECTION: R(1)
CORPORATION

**ORDER AND REASONS**

Before the Court is plaintiff Steadfast Insurance Company's motion for default judgment against Picke Construction Corporation.[1] For the following reasons, the Court orders this action stayed because of a pending state court action concerning Steadfast's obligations under its insurance contract with Picke.

**I.   BACKGROUND**

According to the complaint in this action, Steadfast issued a Commercial General Liability policy of insurance, effective

---

    [1]    (R. Doc. 9.)

August 1, 2008 through August 1, 2009, to Home Solutions Restoration of Louisiana, Inc.[2] The policy was amended to include Associated Contractors, Fireline Restoration, Inc., and Picke Construction Corporation on September 26, 2008.[3] On March 5, 2009, Troy Meyer filed a Petition for Redhibition and Damages against Picke in state court in the Parish of St. Bernard, Louisiana. Meyer alleges that, as the "final installer" of Meyer's manufactured home, Picke is liable for damages caused by the home's allegedly defective roof.[4] On May 3, 2010, Meyer filed his First Supplemental and Amending Petition for Damages, adding Steadfast as a defendant based on Picke's insurance policy with Steadfast.[5]

Steadfast filed this action for declaratory judgment under 28 U.S.C. § 2201 on September 24, 2010.[6] Steadfast seeks a declaration that the policy issued to Picke does not provide coverage for the claims asserted in Meyer's petition and that Steadfast has no duty to defend or indemnify any insureds under

---

[2]   (R. Doc. 1 at ¶ 13.)

[3]   (*Id.* at ¶ 14.)

[4]   (R. Doc. 1-3 at 3-4.)

[5]   (R. doc. 1-3 at 7, 10.)

[6]   (R. Doc. 1.)

the policy.[7]  A summons and complaint was served on Picke on October 1, 2010 through the Louisiana Secretary of State pursuant to Federal Rule of Civil Procedure 4(e) and Louisiana Code of Civil Procedure 1292.  Picke did not file an answer, and a default was entered on January 13, 2011.[8]  Steadfast now moves for entry of default judgment.[9]

**II.   STANDARD**

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period.  Fed. R. Civ. P. 55(b).  A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two separate steps.  First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case."  *Dow Chem. Pac. v. Rascator Mar. S.A*., 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an

---

[7]   (*Id.* at 8.)

[8]   (R. Doc. 8.)

[9]   (R. Doc. 9.)

intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the defendant's default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Beyond that requirement, however, the entry of default is largely mechanical.

Once a default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. If the plaintiff's claim is for a sum certain, and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. *See* Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district

court.  *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995); *Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

**III. DISCUSSION**

**A.   Jurisdiction**

Before entering judgment, the district court must "look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir.1986)).  Judgment entered in the absence of jurisdiction is void, and the Court must therefore refrain from entering judgment if its jurisdiction is uncertain.

In this case, subject matter jurisdiction is founded upon diversity of citizenship.  *See* 28 U.S.C. § 1332.  Steadfast is a Delaware corporation with its principal place of business in Schaumburg, Illinois; upon Steadfast's information and belief, Picke is a Louisiana corporation; and the amount in controversy exceeds $75,000.[10]  Service of process appears to have been properly executed under the Federal Rules of Civil Procedures.

---

[10]   (R. Doc. 1 at 2.)

The Court therefore finds that it has jurisdiction "both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001).

### B.   Entry of Default Judgment

The Court turns to whether a default judgment should be entered against Picke. The record shows that Picke was served with process on October 1, 2010 but has failed to plead or otherwise defend against Steadfast's claims. Indeed, Picke has made no appearance whatsoever despite the entry of default against it. The Court finds that Picke's failure to appear has made it impossible to achieve the "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The record does not reveal any excuse for Picke's failure to appear. Accordingly, the Court finds that the requirements for a default judgment have been met. *See, e.g.*, *Jackson v. Vogt*, 2009 WL 3756563, *2 (E.D. La. 2009) (entering default judgment because of defendants' failure to appear and absence of any excuse in the record).

**C.   Declaratory Relief**

Having established that the procedural requirements for default judgment have been satisfied, the Court must also evaluate whether declaratory relief is appropriate in this case. *See, e.g.*, *Clarendon America Ins. Co. v. CM General Contractors, Inc.*, 2009 WL 136028, *2-3 (W.D. La. 2009) (evaluating whether to grant declaratory relief independently of the procedural requirements for default judgment); *Mayflower Transit, LLC v. Troutt*, 332 F. Supp. 2d 971, 975-76 (W.D. Tex. 2004) (same). "When considering a declaratory judgment action, a district court must engage in a three-step inquiry."  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).  First, the court must determine whether the declaratory action is justiciable. Or, in other words, whether an "actual controversy" exists between the parties to the action.  *Id.*   Second, if the court has jurisdiction, it must determine whether it has the "authority" to grant declaratory relief.  *Id.*   Finally, the court must determine whether to exercise its discretion to decide or dismiss the declaratory action.  *Id.*   The Court address each of these three steps in turn.

1.   <u>Justiciability</u>

"A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Id.* at 896. Generally, "an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Id.* (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). Whether the facts are sufficiently immediate to establish an actual controversy is a case-by-case inquiry. *Id.*

As a result of Picke's default, Picke has admitted that Steadfast's allegations in its complaint are true. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). The factual allegations establish that Picke believes that Steadfast has a duty to defend and indemnify it for any damages owed to Meyer in the underlying state court action. Steadfast, however, contends that the policy does not provide coverage for the claims asserted by Meyer against Picke and that it therefore has no duty to defend or indemnify Picke in Meyer's action. Based on these allegations, the Court concludes that there is an actual

controversy between the parties that is neither hypothetical nor conjectural.

   2.   Authority

Under the second prong of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: "(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those in the federal case, *and* (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." *Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 388 n.1 (5th Cir. 2003). The absence of any of these three factors defeats mandatory abstention. *Sealed v. Sealed*, 1994 WL 487245, *2 (5th Cir. 1994) (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)).

Although there is a pending state court action involving Steadfast's duty to defend and/or indemnify Picke, that action was not filed by the declaratory defendant, Picke, against the declaratory plaintiff, Steadfast. Instead, the state court action was filed by Meyer. Accordingly, this case does not call for mandatory abstention, and the Court has the authority to enter a declaratory judgment.

3.  <u>Exercise of Discretion</u>

Finally, the Court must consider whether to exercise its discretion to grant a declaratory judgment as part of Steadfast's motion for default judgment. Federal courts have great discretion to entertain, stay, or dismiss a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). In exercising this discretion, the Court must balance on the record the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine. *Travelers Insurance Company v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993). In *St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994), the Fifth Circuit set forth a list of six, non-exclusive factors relevant to this consideration:

> (1) whether there is a pending state action in which all the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses; and

>    (6) whether retaining the lawsuit would serve the purposes
>    of judicial economy.

*Id.* at 590-91.

First, the Court notes that there is a pending state court action in which the single issue raised in this declaratory judgment action will be addressed, namely, whether Steadfast has a duty to defend and/or indemnify Picke for the alleged damages caused by Picke's role in the construction of Meyer's home. That action involves the same coverage dispute that is at issue here. And, by filing this declaratory action in federal court after Meyer had already joined Steadfast in its state court action, Steadfast has clearly engaged in forum shopping.

In addition, determining the scope of Picke's coverage in this declaratory judgment action would not serve the purpose of judicial economy. To the contrary, the Court finds that it would be wasteful to litigate at the same time the same issues in two different courts, particularly when not all of the parties in the Mayer's state court suit are present before the Court in this action. Also, to allow parallel proceedings in two courts under these circumstances would invite inconsistent policy interpretations and piecemeal litigation.

Further, the record does not reflect that the federal forum is either more or less convenient for either of the parties. Nor

11

are there any federal questions present in determining whether Picke's insurance policy would require Steadfast to defend or indemnify it in Meyer's state court action. *Sherwin-Williams*, 343 F.3d at 396 (explaining that, although the presence of a federal question is not specifically identified as one of the seven *Trejo* factors, the existence of a federal question weighs in favor of a federal court exercising its discretion to decide a declaratory judgment action). Interpretation of an insurance contract is a matter of state law, making this case particularly well-suited for resolution by the state court. *See Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1582 (5th Cir. 1992) (finding that the district court abused its discretion by choosing not to stay or dismiss a declaratory judgment action when the action involved state law interpretation of an insurance policy and there was a pending state court action involving the same issue and parties).

The Supreme Court has noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without the risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2; *see also Essex Ins. Co. v. Grefer*, 2002 WL 1585604, *3 (E.D. La. 2002); *Melancon v.*

*Union Carbide Corp.*, 1998 WL 122610, *7 (E.D. La. 1998). Accordingly, the Court finds that a stay is the appropriate method for exercising its discretion to abstain from issuing a declaratory judgment in this case.

**IV. CONCLUSION**

For the foregoing reasons, this case is STAYED pending resolution of *Troy Meyer v. American Renaissance Homes, LLC, Picke Construction Corporation, and Oak Creek Homes, LP* in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, No. 113348-D.

New Orleans, Louisiana, this 30th day of March, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE